John Spencer Stewart, OSB #711648
jstewart@lawssl.com
Thomas A. Larkin, OSB #923623
tlarkin@lawssl.com
Tyler J. Storti, OSB #034695
tstorti@lawssl.com
STEWART SOKOL & LARKIN LLC
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
Telephone: (503) 221-0699
Facsimile: (503) 223-5706

*Attorneys for Plaintiff Portland Bulk Terminals, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PORTLAND BULK TERMINALS, LLC, an Oregon limited liability company,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SANDVIK MINING AND CONSTRUCTION USA, LLC, a Delaware limited liability company,<br><br>　　　　　　　　　　Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Portland Bulk Terminals, LLC ("PBT"), for its Complaint against Defendant Sandvik Mining and Construction USA, LLC ("Sandvik"), alleges as follows:

## I. PARTIES

1.1　PBT is an Oregon limited liability company with its principal place of business in Portland, Oregon. At all times relevant hereto, PBT has been duly licensed and otherwise in good standing with respect to all registration and licensure requirements of the State of Oregon and in connection therewith is the leasehold interest owner of Terminal 5 at the Port of Portland.

COMPLAINT - 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

1.2	Sandvik is a Delaware limited liability company with its principal place of business in the State of Georgia.

## II. JURISDICTION AND VENUE

2.1	This Court has personal jurisdiction with respect to Sandvik by reason of the fact that Sandvik does business in the State of Oregon, this action arises out of a design build and install construction contract and sale contract performed by Sandvik for PBT in Portland, Oregon and Sandvik has contractually consented to jurisdiction in this Court.

2.2	This Court has jurisdiction regarding the subject matter of this action, pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship and the amount in controversy requirement is met.

2.3	Venue is proper in Portland, pursuant to 28 U.S.C. § 1391, by reason of the fact that the acts and omissions giving rise to PBT's claims took place in this District, and, the construction project and sale of equipment which is the subject of this action took place in this District, namely, Portland, Oregon.

## III. FACTS

3.1	This action arises out of a Design Build and Install Construction Agreement and sale of goods under the Uniform Commercial Code ("Contract"/"Project").  The Contract involved the design, build, construct, transport and install of a "shiploader" which consisted of a new traveling, A-frame, rail-mounted, potash shiploader, Type PL3001829/30+12, including associated tripper car, cascading chute systems, shuttling systems, luffing systems, dust control systems, wash down systems, hydraulic systems, control systems, cover belt and other ancillary equipment and systems, (collectively, the "Shiploader") to be supplied by Sandvik to PBT on a turnkey basis at the Portland site to replace the existing shiploader, which was

///

COMPLAINT - 2

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

deconstructed by Sandvik, at the existing facilities, and as more specifically described in the Contract Documents which are collectively attached as Exhibit 1 (A-G18) to this Complaint.

      3.2    PBT and Sandvik worked towards finalizing Contract Documents for the Project, however Sandvik and PBT ultimately did not execute the Contract Documents. Nonetheless the parties went forward with full performance of the contract in accordance with a scope of work that was jointly agreed which included principal performance specifications attached hereto.  Payments were made by PBT to Sandvik as work was performed.  The conduct of the parties and performance by the parties of the agreement validates the enforceability of the Contract.  In addition, the transaction which is the basis of this Complaint was a sales transaction and the terms and conditions of Article 2 of the Uniform Commercial Code, as adopted in Oregon, fully apply to the length and breadth of the Contract and the enforceability thereof.

      3.3    In approximately June 26, 2013, the design process contemplated by the Contract was commenced by Sandvik.  This was followed by construction of the Shiploader, transport of the Shiploader to the Project site, deconstruction of the existing shiploader, and the installation of the new Shiploader onsite.  Each of these activities was managed and directed by Sandvik pursuant to the terms of the Contract.  The Shiploader was substantially complete and purportedly prepared to perform in accordance with the Contract Documents and the understandings of the parties on or about November 19, 2015.

      3.4    Pursuant to the Contract, subject to certain exceptions, Sandvik was to provide materials, equipment, labor and supervision for the construction of the Shiploader, complete and installed at PBT's facility located in North Portland, Oregon. The scope of work was as set forth in the attached Contract Documents and specifically included the carrying out, doing and supplying of all things, whether of a temporary or

COMPLAINT - 3

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

permanent nature, including: (a) the design and engineering of the Shiploader and related equipment systems and components; (b) the manufacture, supply and shipping from the China site to the Portland site; (c) unloading and installation at the Portland site of the Shiploader and all systems and components related thereto; (d) the deconstruction of the existing shiploader and its tripper and disposition of the materials related thereto; (e) the supply of licensing and rights to use the technology associated with the Contract; (f) the satisfaction of all warranties and performance guarantees required under the Contract; (g) the supply of all construction materials, services and labor necessary for the foregoing; and (h) the repair and replacement, if necessary, of defective equipment and any parts, components or any portion of the foregoing.

   3.5 From the beginning of the Project at the design phase, Sandvik struggled to meet its contractual obligations.  Amongst other things, Sandvik failed to provide timely and approved engineering design drawings, plans and other specifications that PBT needed to timely and efficiently schedule its follow-on work.  The Sandvik design often included errors and omitted information that was necessary for the timely and proper completion of the Project.  The multiplicity of Sandvik design delays, errors, changes and failures compounded the delay and impact to PBT in connection with its follow-on work and its use of the completed Shiploader.

   3.6 During the course of performance of the design work and prior to transport to Portland, a series of milestone dates were changed due to the delays, changes, errors and omissions of Sandvik.  Based upon the written and oral assurances of Sandvik, PBT made Contract payments in an effort to facilitate timely performance by Sandvik.

   3.7 The Parties met on numerous occasions and also corresponded by letter and by telephone in an effort to resolve the disputes which plagued the completion of

/ / /

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

the Shiploader's design, its construction, and ultimately its installation in Portland, Oregon.

3.8     Ultimately, the Shiploader that was delivered by Sandvik to PBT exhibited flawed engineering and workmanship, resulting in a number incidents and costs for PBT, as further described in this Complaint.

## IV. FIRST CAUSE OF ACTION – BREACH OF CONTRACT

4.1     The allegations of paragraphs 1.1 through 3.8 are incorporated herein by reference.

4.2     Between November 19, 2015 and the present date, PBT has sustained damages and has been required to perform corrective work well outside the scope of any understanding of the Parties in connection with the Contract.  As a result of such breaches, as at the date of this claim, Sandvik is indebted to PBT in an amount of approximately $4,000,000 the exact amount to be proven at the time of trial.

## V.  SECOND CAUSE OF ACTION – UNJUST ENRICHMENT

5.1     The allegations in paragraphs 1.1 through 4.2 are incorporated herein by reference.

5.2     By virtue of the payments made by PBT and the deficiencies that still plague the ship loader and as a result of the breaches of Sandvik, it has been unjustly enriched in an amount of approximately $4,000,000.  Under the circumstances it would be unjust for Sandvik to retain the benefits without compensating PBT for their value.

## VI.  THIRD CAUSE OF ACTION – BREACH OF THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE

6.1     The allegations in paragraphs 1.1 through 5.2 are incorporated herein by reference.

6.2     Under the Contract, which ultimately was a sales agreement covered by Article 2 of the Uniform Commercial Code as adopted in the State of Oregon, Sandvik

COMPLAINT - 5

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

was solely responsible for the design, engineering, construction, transport and installation of the Shiploader.  Sandvik had final responsibility for all design, engineering, construction, and installation activities with respect to the Project.  As a matter of law and under the terms of Article 2 of the Uniform Commercial Code, there was an implied warranty of merchantability and further an implied warranty of fitness for a particular purpose which carried through both the design, construction and installation of the Shiploader.  As a matter of law, Sandvik had the obligation to provide plans and specifications that were adequate, complete and sufficient for the construction and then installation of the Shiploader at the Project site.  At the time PBT awarded the contract to Sandvik, Sandvik impliedly warranted the adequacies, sufficiency and completeness of the plans and specifications.

      6.3    The plans and specifications upon which the shiploader was constructed were, in fact, inadequate, incorrect and incomplete.  In addition, Sandvik failed to remedy the defective plans and specifications in a timely manner, all of which constitute material and significant breaches of the Implied Warranty of the Adequacy of the plans and specifications as well as the Implied Warranty of Merchantability and Fitness for a Particular Purpose.

      6.4    As a direct, proximate and foreseeable result of Sandvik's warranty breaches, since installation of the Shiploader there have been a number of operational incidents involving the Shiploader with respect to which plaintiff has incurred significant extra and unanticipated costs and damages, including but not limited to operational disruption, remediation efforts and safety concerns.

      6.5    As a proximate result of Sandvik's breach of the implied warranties alleged above, PBT has suffered damages in an amount to be proven at the time of trial, but in an amount as of the date of this Complaint of approximately $4,000,000.

/ / /

COMPLAINT - 6

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

## VII.  FOURTH CAUSE OF ACTION – QUANTUM MERUIT / REASONABLE VALUE

7.1   The allegations of paragraphs 1.1 through 6.5 above are incorporated herein by reference.

7.2   PBT by reason of the refusal of Sandvik to properly complete its work and to answer for the breaches of warranty which plagued the Project, PBT was required to step in and make repairs and mitigate its damages in connection with a number of specific events, including:

(a) Chute deficiencies

Summary:

- Sandvik did not appropriately commission the cascading chute following fabrication in China or commissioning activities upon installation of the Shiploader.  Sandvik was advised by PBT and Cleveland Cascade ("CC"), a sub-contractor to Sandvik, that CC should be brought in to properly commission the CC-built cascading chute.  This prevented proper cargo flow within required operational specifications, and resulted in excessive chute oscillation (vibration occurred at average loading capacity, as Sandvik commissioned the chute to work effective only at peak capacity) causing extensive damage to the chute cones and strapping equipment, which had to be replaced.

- **Current Estimated Cost:**            **approximately $200,000.00**

(b)  Winch cable system failure

Summary:

- The winch cable system for removing/changing of chutes on the Shiploader failed, causing it to collide with the maintenance platform.  Design flaws were identified and addressed with corrective work employed to prevent similar occurrences made at the request of PBT.

- **Current Estimated Cost:**            **$750,000.00**

/ / /

/ / /

COMPLAINT - 7

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

    (c) C8 cover belt failure

Summary:

- The cover belt on the C8 conveyor was blown off due to high (but not above historical) wind gusts because of inadequate design. A third-party root cause analysis concluded that the angle at which the cover comes off the ship loader toward the support structure provides a large cover profile that, when exposed to winds from certain directions created forces on the cover belt that resulted in the belt lifting off and peeling away from the gallery that supported the carrying belt and the cover belt.

- **Current Estimated Cost:**     **$730,418.00**

    (d) spout and gimbal pivot connections failures

Summary:

- Shiploader gimbal pivot connections failed causing the gimbal and cascade chute to fall into a vessel hold during loading operations.

- **Current Estimated Cost:**     **$1,896,925.00**

In connection with the specific but not exhaustive list of the items that required repair or replacement by PBT by virtue of Sandvik's breach of contract, negligence and refusal to complete work for which it was responsible, PBT suffered damages in an amount to be proven at trial.

    7.3    As an alternative claim for relief, PBT is entitled to recover on the basis of the equitable doctrine of quantum meruit, the full, fair and reasonable value of its services performed by virtue of Sandvik's contract breach, negligence and refusal to perform.

## VIII. NEGLIGENCE

    8.1    The allegations in paragraphs 1.1 through 7.3 are incorporated herein by reference.

/ / /

COMPLAINT - 8

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

8.2     Defendant Sandvik negligently performed its work, for which plaintiff PBT is entitled to recover damages.

## IX. DAMAGES

9.1     The allegations in paragraphs 1.1 through 8.2 are incorporated herein by reference.

9.2     As a direct and proximate result of Sandvik's breaches of contract, negligent performance and its conduct in general with respect to the contract, PBT has been damaged in an amount to be proven at trial, in an amount of approximately $4,000,000.

9.3     As a direct and proximate result of Sandvik's failure to promptly pay billings rendered by PBT in mitigation of damages, PBT is entitled to the statutory interest at the rate of one and one-half percent per month, together with costs.

## X. PRAYER FOR RELIEF

WHEREFORE, PBT prays for judgment as follows:

1.1     For judgment against Sandvik in an amount to be proven at the time of trial.

1.2     For interest and costs pursuant to statute, contract, and based upon equitable principles.

1.3     For such other and further relief as the Court deems just and equitable.

DATED this 6th day of July, 2017.

STEWART SOKOL & LARKIN LLC

By: */s/ John Spencer Stewart*
John Spencer Stewart, OSB #711648
jstewart@lawssl.com
Thomas A. Larkin, OSB #923623
tlarkin@lawssl.com
Tyler J. Storti, OSB #034695
tstorti@lawssl.com
*Attorneys for Plaintiff*

COMPLAINT - 9

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706